UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIA K WATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-01549-TWP-MJD |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON APPLICATION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before this Court on Plaintiff's, Julia K. Watt ("Ms. Watt"), Petition for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (2012) ("EAJA") (Filing No. 30). Ms. Watt seeks an award of $9,503.55, at a rate of $181.02 per hour, for 52.5 hours of legal work by her attorney. For the following reasons, this Court **GRANTS** Ms. Watt's petition for fees.

**I. BACKGROUND**

On April 21, 2010 and May 11, 2010 respectively, Ms. Watt filed applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act ("the Act") due to a back injury, spinal diseases, spinal malformations, chronic pain, and fibromyalgia. (Filing No. 29 at 1.) Her applications were denied initially, on reconsideration, and again by an Administrative Law Judge ("ALJ"). *Id*. The Appeals Council denied Ms. Watt's request for review. On September 25, 2013, Ms. Watt appealed to this Court for judicial review of the ALJ's decision. (Filing No. 1 at 1.)

On March 26, 2015, the Court remanded this case for reconsideration by the ALJ on the basis that the ALJ "failed to consider" the factors provided in 20 C.F.R. § 404.27.2527(c)(2), when deciding to discount the opinion of Ms. Watt's treating physician, Dr. Mabel. *Id.* at 23. In addition, this Court concluded that the ALJ failed to "minimally articulate" his reasons for discounting Dr. Mabel's opinion. *Id.* at 22.

The ALJ's entire discussion of the treating physician's opinions is as follows:

> As for the medical opinions, those who provided treatment are each accorded probative weight. No greater weight is accorded because their respective contracts with the claimant were of such short duration that none of them could have obtained a longitudinal view of the claimant and her impairments.

(Filing No. 18-2 at 39.)

The Court found it problematic that the ALJ only "generally noted" that Ms. Watt's treating physicians were given equal weight because their contacts with her were of such short duration. Specifically, the Court noted that if the ALJ chooses not to give a treating physician's opinion controlling weight, "he must apply the factors of 20 C.F.R. § 404.27.1527(c)(2)-(6)." Since the ALJ did not explain why he did not give Dr. Mabel's opinions controlling weight, the Court found that there was a legal error in his analysis in addition to an articulation problem. The Court held that on remand, the ALJ must analyze these factors *and* explain the weight given to Dr. Mabel's opinions.

On April 20, 2015, Ms. Watt filed a Petition for Attorneys' Fees pursuant to the EAJA. (Filing No. 30 at 1.) On May 18, 2015, the Commissioner filed its response to Ms. Watt's petition. (Filing No. 34 at 1.) Finally, on May 27, 2015, Ms. Watt filed her reply to the Commissioner's response, which included a request for an additional 3.4 hours of attorneys' fees. (Filing No. 35 at 5.)

2

## II. LEGAL STANDARD

The EAJA provides that "a court may award reasonable fees and expenses of attorneys … to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b) (2012). A party seeking an award of fees for a successful action against the government is entitled to recover his attorney's fees if: (1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court. 28 U.S.C. §§ 2412(d)(1)(A), (B) (2012). *See also Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004).

Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct, which includes the ALJ's decision, or the Commissioner's litigation position lacked substantial justification. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. To be substantially justified, the Commissioner's position must have a reasonable basis in law and fact, and there must be a reasonable connection between the two. *Id.* The Commissioner has the burden of establishing that its position was substantially justified. *Id.* The amount of attorneys' fees must be reasonable and "shall be based upon market rates for the kind and quality of the services furnished," subject to a cap rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A) (2012).

The boundaries of what constitutes substantial justification has been addressed by the Seventh Circuit in two complementary cases. *See Cunningham*, 440 F.3d 862; *Golembiewski*, 382 F.3d 721. In *Golembiewski*, the Seventh Circuit concluded that it was an abuse of discretion for the district court to find the Commissioner's position to be substantially justified when the ALJ had committed several errors, such as failing to properly assess the claimant's credibility, ignoring

and misstating record evidence, and failing to consider the limiting effect of claimant's symptoms in the aggregate. *Golembiewski*, 382 F.3d at 724-25. However, in *Cunningham*, the Seventh Circuit concluded that the Commissioner was substantially justified in defending the ALJ's decision where the ALJ simply failed to meet the requirement to sufficiently articulate the justifications for his decision. *Cunningham*, 440 F.3d at 864-65. These two decisions guide this Court's discretionary decision regarding substantial justification in the immediate case.

> [I]f the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.

*Purvis v. Barnhart*, No. 1:04-CV-2124 DFH, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006).

In addition, if this Court considers a fee award to be appropriate, this Court also considers whether the prevailing party's application was timely filed and supported by an itemized statement from the party's attorney stating the actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B) (2012). The party seeking an award of fees must submit evidence supporting the hours worked and rates claimed. *Id.* Where the documentation of hours is inadequate, this Court may reduce the award accordingly. *Id.* Further, this Court has discretion to adjust the fee award or to deny fees when there are "special circumstances" that would make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2012). *See also Hensley v. Eckerhart*, 461 U.S. 424, 433, 434 (1983).

### III. DISCUSSION

In the order remanding this case, the Court found that the ALJ failed to sufficiently discuss the weight afforded to the opinions of one of Ms. Watt's treating physicians, Dr. Mabel. (Filing

4

No. 29.) Specifically, the Court ruled that the ALJ should have analyzed all six factors in 20 C.F.R. § 404.1527(c)(2) when it determined not to give Dr. Mabel's opinion controlling weight.

On January 5, 2010, Ms. Watt first met with Dr. Mabel. (Filing No. 18-7 at 12.) During 2012, Ms. Watt met with Dr. Mabel another twelve times. Dr. Mabel's notes mentioned Ms. Watt's chronic pain. In addition, Dr. Mabel wrote two letters describing Ms. Watt's abilities and limitations. He wrote the first letter on September 3, 2010, after meeting with Ms. Watt nine times in six months. (Filing No. 18-8 at 45.) In the first letter, Dr. Mabel wrote that Ms. Watt "cannot stay in one position for more than 5 minutes without having to change position due to increasing pain. She will go from sitting to standing to pacing to back to standing over several minutes." *Id*. He added that Ms. Watt "not only is unemployable now due to her pain and disabilities, but her discs, joints, and muscles will only worsen with age." *Id*.

On October 1, 2010, Dr. Mabel wrote the second letter. In the second letter, Dr. Mabel stated that Ms. Watt "had multiple back surgeries that have left her in chronic pain." (Filing No. 18-8 at 50.) He said that Ms. Watt "is no longer able to maintain a constant position, instead she has to constantly change position, moving from sitting to standing, standing to leaning, leaning to sitting. She [had] trouble staying in one position for longer than four or five minutes . . . due to her constant pain. *Id*.

Despite the longstanding treatment relationship between Ms. Watt and Dr. Mabel and the existence of two letters from Dr. Mabel assessing Watt's remaining ability to work, the ALJ never specifically discussed Dr. Mabel by name or Dr. Mabel's treatment of Ms. Watt in his opinion. Instead, the ALJ only generally noted that all of Ms. Watt's treating physicians "are each accorded probative weight. No greater weight is accorded because of their respective contacts with the

claimant were of such short duration that none of them could have obtained a longitudinal view of the claimant and her impairments." (Filing No. 18-2 at 39.)

The Court remanded this case on the basis that the ALJ "failed to consider" the factors provided in 20 C.F.R. § 404.27(c)(2), when deciding to discount the opinion of Dr. Mabel. (Filing No. 29 at 22, 23.) In addition, this Court concluded that the ALJ failed to "minimally articulate" his reasons for discounting Dr. Mabel's opinion. (Filing No. 29 at 22.)

The Commissioner argues that the Court's analysis suggests merely an articulation error, and states that an error of articulation does not, by itself, necessitate a finding that the agency's position lacked substantial justification. *See Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (the Secretary's position was held substantially justified because a genuine dispute existed as to the evidence that was used by the Secretary to justify his position.)

However, the Court's remand was based on more than a mere articulation error by the ALJ. While it is true that the Court faulted the ALJ's failure to articulate his reasons for only giving limited weight to Dr. Mabel, the Court also faulted the ALJ for failing to follow agency regulations when he did not apply all of the factors of 20 C.F.R. § 404.1527(c)(2). Specifically, the Court also held that the ALJ "failed to consider" those factors that "he must apply" when deciding not to give a treating physician's opinion controlling weight. (Filing No. 29 at 22 and 23.) Under Social Security Rule 96-2p, even when a treating source is not given controlling weight, "treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927."

Evaluating medical source opinions is a fundamental duty of an ALJ. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). As stated in the remand order, the ALJ "only generally noted" that Ms. Watt's treating source medical opinions were given equal weight. *Id.* at 23. This was not

6

merely a failure to articulate by the ALJ; it was a legal error and a failure by the ALJ to perform the required analysis. As such, because the ALJ committed both legal and articulation errors, the Court concludes that the Commissioner has not met its burden of demonstrating that its position was substantially justified.

Moreover, the Court considers the amount of the fee award to be reasonable. Ms. Watt requested attorneys' fees totaling $8,888.08 based on 49.1 hours at $181.02 per hour in her memorandum supporting her Petition (Filing No. 31), and an additional $615.47 for 3.4 hours at the same hourly rate of $181.02 for the additional time her counsel spent preparing the reply brief. (Filing No. 35.) The total amount requested by Ms. Watt is $9,503.55.

As recently as January 2015, the Seventh Circuit has determined that the presumptive cap of $125.00 may be exceeded simply when an increase in the cost of living since 1996 justifies a higher fee. *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). The Seventh Circuit held that the government's general measure of inflation, "which embodies considerable expertise and effort", is a "practical" measure of the cost of providing legal services. *Id.* Furthermore, the party's motion to recover his fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B) (2012).

Ms. Watt's motion was timely, as it was filed within thirty days of this Court's judgment to remand, and her attorney has satisfactorily included an itemized statement of his time. (Filing No. 30-1 at 1-2.) The calculated rate was based on the Consumer Price Index for March 2014, when the majority of federal court work was done in this case. (Filing No. 31 at 3.) This is appropriate as the base rate of $125.00 as of March 1996 is updated through the United States Department of Labor, Bureau of Labor Statistics' website. *See Sprinkle* 777 F.3d 421, 423

7

(holding that the Consumer Price Index is a practical measure for assessing the cost of providing legal services.) Furthermore, the Commissioner did not contest the hours worked by Ms. Watt's counsel nor the hourly rate requested. Consequently, this Court considers the amount of the requested EAJA fee award to be reasonable.

## IV. CONCLUSION

For the reasons above, this Court now **GRANTS** Ms. Watt's Petition for Attorney Fees Under the Equal Access to Justice Act. (Filing No. 30.) In addition, the Court finds the amount of $9,503.55 to be reasonable. The Commissioner shall direct that the award be made payable to Ms. Watt's counsel, as the arrangement is consistent with the fee agreement in the record. (Filing No. 31-3.)

**SO ORDERED.**

Date: 9/25/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Timothy J. Vrana
tim@timvrana.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov